UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>c/o United States Attorney's Office<br>555 Fourth St., N.W.<br>V.W., D.C. 20530<br><br>               Plaintiff,<br><br>    v.<br><br>$40,762.75 SEIZED FROM BANK OF<br>AMERICA, ACCOUNT NUMBER<br>ENDING IN 0779, HELD IN THE NAME<br>OF DAVID T. JOHNSON<br><br>               Defendant. | Civil Action No. |

## VERIFIED COMPLAINT FOR FORFEITURE *IN REM*

*COMES NOW*, the plaintiff United States of America, by and through the United States Attorney for the District of Columbia, to bring this verified complaint for forfeiture in a civil action *in rem* against the defendant property, which is $40,762.75 in funds, which the Federal Bureau of Investigation (FBI) seized by service of a seizure warrant on April 19, 2016, and which was received by the FBI on April 25, 2016. In further support of its cause, plaintiff states as follows:

### NATURE OF THE ACTION AND DEFENDANT *IN REM*

1. This is a civil action *in rem* for the forfeiture of the defendant property to the use and benefit of the plaintiff, the government of the United States of America. Pursuant to 18 U.S.C. § 981(a)(1)(C), property is subject to forfeiture to the United States if it is "property, real or

personal, which constitutes or is derived from proceeds traceable to a violation of," *inter alia*, 18 U.S.C. § 1344 (Bank Fraud).

2. The defendant property is a quantity of funds, $40,762.75, which law enforcement agents seized by service of a seizure warrant on April 19, 2016, from a Bank of America account in the name of David Johnson. The defendant property is in the custody of the United States Marshals Service.

## JURISDICTION AND VENUE

3. This Court has original jurisdiction of this civil action by virtue of 28 U.S.C. § 1345, because it has been commenced by the United States, and by virtue of 28 U.S.C. § 1355(a), because it is an action for the recovery and enforcement of a forfeiture under an Act of Congress. Venue is proper in this District by virtue of 28 U.S.C. § 1355(b)(1), because this is a forfeiture action or proceeding brought in the district court for the district in which any of the acts or omissions giving rise to the forfeiture occurred.

4. This civil action *in rem* for forfeiture is governed by 18 U.S.C § 981, 18 U.S.C. § 983, the Federal Rules of Civil Procedure, and the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, particularly Rule G.

## STATEMENT OF FACTS

5. V.W. purchased residential real estate located at 123 57th Street, Southeast, Washington, District of Columbia ("123 57th Street, SE"), on or about February 20, 2008. To buy the property, V.W. obtained two mortgage loans for approximately $470,000 in total from SunTrust Mortgage. SunTrust Mortgage is a wholly-owned subsidiary of SunTrust Bank, whose deposits were and are insured by the Federal Deposit Insurance Corporation.

6. By 2009, V.W. had failed to maintain timely mortgage payments. In February 2010, V.W. entered into a "Home Affordable Modification" trial period plan with SunTrust Mortgage in an attempt to clear the arrearages to her mortgage payments.

7. By May 2010, V.W. was again behind on her mortgage payments and on May 7, 2010, a Notice of Foreclosure was filed with the District of Columbia Recorder of Deeds (ROD).

8. In April 2013, SunTrust Mortgage began the process of foreclosing on the mortgage and taking possession of the property at 123 57th Street, SE.

9. On or about October 2, 2013, at approximately 11:50 AM, in the District of Columbia, two fake and fictitious "certificates of satisfaction" were filed with the District of Columbia Recorder of Deeds, falsely representing that the two SunTrust Mortgage loans secured by 123 57th Street, SE, had been satisfied and that V.W. owned the property "free and clear." Investigation revealed that the same day that the certificates were filed, an individual identified as "D JOHNSON" signed the visitors log located at the entrance of the building that houses the District of Columbia Recorder of Deeds office; 1101 4th Street, Southwest, District of Columbia. According to the visitor's log entry, "D JOHNSON" entered the building at approximately 11:29 AM, twenty-one minutes before the certificates of satisfaction were recorded. The log entry also indicates that "D JOHNSON" visited the "ROD," that the purpose of the visit was "deeds," and that the type of identification that "D JOHNSON" presented in order to sign in was a "DCDL." Investigation revealed that JOHNSON has a District of Columbia driver's license. Further investigation established that attorney "John D. Stone" and notary "John Andrew Rothman," both of whom are listed on the certificates of satisfaction, were not an attorney or notary public and that the attorney address provided, 46700 Atwood Square, Sterling, Virginia, belongs to a licensed

3

realtor, D.B.R. When interviewed by the FBI, JOHNSON advised that D.B.R. is a co-worker and friend who he had a romantic relationship with in the past. JOHNSON also stated that he has known V.W. for over twenty years and that at times their relationship has been romantic in nature.

10. In or about October 2013, in the District of Columbia, V.W. listed the property at 123 57th Street, SE, for sale for $425,000. At that time, V.W. owed SunTrust Mortgage in excess of $540,000 in principal, interest, and escrow advances on the two mortgage loans she obtained from SunTrust Mortgage in order to purchase the house in February 2008.

11. On or about November 10, 2013, V.W. agreed to sell the property at 123 57th Street, SE, to B.K.O. for $379,000.

12. On or about December 11, 2013, in the District of Columbia, V.W. signed settlement documents at a title and escrow company's offices, selling 123 57th Street, SE, to B.K.O. for a sales price of $379,000 and certifying that she owned the property free and clear of any mortgage.

13. On or about December 12, 2013, V.W. received sale proceeds from the subject real property in the amount of $337,105.06, wired from the settlement company to V.W.'s Navy Federal Credit Union (NFCU) account number ending in 8739. This account had a balance of $195.60 immediately prior to the wire deposit and a balance of $337,300.60 after the deposit. By December 16, 2013, this balance had been reduced to $331,697.66. This was the balance immediately preceding an entry dated December 16, 2013, reading "Withdrawal by Check" in the amount of $170,688.

14. On or about December 16, 2013, NFCU cashier's check number 433607271, dated December 16, 2013, and drawn from V.W.'s NFCU account number ending in 8739 in the amount

4

of $170,688, was deposited into a BOA account number ending in 5786, held in the name of DAVID T. JOHNSON. V.W. is listed as the remitter on the cashier's check and DAVID JOHNSON as the payee. Immediately prior to this deposit, the BOA account number ending in 5786 had a balance of $440.63. Between December 16, 2013 and October 28, 2014, the lowest balance in the account number ending in 5786 was $76,324.97.

15. On or about October 28, 2014, JOHNSON opened BOA account number ending in 0779 and transferred $76,324.97 into it from the BOA account number ending in 5786, leaving the account with a zero balance. Between October 28, 2014 and March 23, 2016, the lowest balance in account number ending in 0779 was $40,885.90.

16. On April 19, 2016, a seizure warrant for these funds in the amount of $40,885.90 was issued by Magistrate Judge Robinson, 1:16-mj-00309. On that same date, the FBI served the warrant on the Bank of America branch located at 12881 Braemar Village Plaza, Bristow, VA. On April 25, 2016, Bank of America sent to the FBI a check made out to the United States Marshals Service in the amount of $40,762.75, representing the balance of funds in the account.

17. The FBI then initiated administrative forfeiture proceeding for the funds, to include sending written notice by certified mail on three different occasions to Johnson at his home address. Ultimately, notice was served on Johnson through his counsel. On November 16, 2016, Johnson, through his counsel, presented his claim to the FBI. Johnson's claim simply stated: "The monies seized from my bank account belongs to me and was lawfully obtained by me."

18. No other claims were filed as to the defendant currency. The time period for filing a claim under 18 U.S.C. § 983(a)(2)(B) has expired.

## COUNT ONE

19. The factual statements made in paragraphs 1 through 18 are re-alleged and incorporated by reference herein.

20. The defendant property is "property, real or personal, which constitutes or is derived from proceeds traceable to a violation of" 18 U.S.C. § 1344 (Bank Fraud).

21. As such, the defendant property constituting $40,762.75 is subject to forfeiture to the United States pursuant to 18 U.S.C. § 981(a)(1)(C).

*WHEREFORE*, the plaintiff respectfully requests that, as to the above-referenced defendant property, due process and warrant of arrest *in rem* issue according to law; that, pursuant to law, notice be provided to all interested parties to appear and show cause why the forfeiture should not be decreed and the defendant property be condemned as forfeited to the United States of America; and for such other and further relief as this Court may deem just, necessary and proper.

Respectfully submitted,

Channing D. Phillips
United States Attorney for the
   District of Columbia

*/s/ Thomas P. Swanton*
Thomas P. Swanton
D.C. Bar No. 462144
Assistant United States Attorney
555 4th Street, N.W., Fourth Floor
V.W., D.C. 20530
Thomas.Swanton@usdoj.gov
(202) 252-7063

## VERIFICATION

I, Mary K. McAllister, a Special Agent with the Federal Bureau of Investigation, declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the foregoing Verified Complaint for Forfeiture *In Rem* is based upon reports and information known to me and/or furnished to me by other law enforcement agents and that everything represented herein is true and correct.

Executed on this _13_ day of February, 2017.

                                                     *[signature]*
                                                   Mary K. McAllister
                                                   Special Agent
                                                   Federal Bureau of Investigation

County/City of _Prince William_
Commonwealth/State of _Virginia_
The foregoing instrument was subscribed and sworn before me this _13_ day of _February_, _2017_, by _Mary K. McAllister_
(name of person seeking acknowledgement)
_[signature] Lucy E. Sampson_
Notary Public
My commission expires: _8/31/2017_

*[Notary Seal: LUCY E. SAMPSON, NOTARY PUBLIC, REG # 256632, MY COMMISSION EXPIRES 8/31/2017, COMMONWEALTH OF VIRGINIA]*